IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **THE NOCO COMPANY** | ) | Case No. 1:19-cv-00196 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| **YAN KHAUSTOV** | ) | |
| **D/B/A KHAUSTOV-AMZ** | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO SERVE DEFENDANT BY ALTERNATIVE MEANS**

Plaintiff The NOCO Company ("***NOCO***"), pursuant to Fed. R. Civ. P. 4(f)(3), moves this Court for leave to serve the foreign Defendant Yan Khaustov d/b/a khaustov-amz ("***Defendant***") through a known E-mail address. NOCO has undertaken substantial efforts to obtain service upon Defendant through traditional means, but has been unsuccessful. NOCO has made good faith efforts to serve Defendant by: (i) attempting service via registered mail, (ii) requesting that Defendant waive service, and (iii) conducting an exhaustive search for Defendant's current physical address. Despite its best efforts, NOCO has been unable to perfect service. For the reasons outlined in the attached Memorandum in Support and the attached Declaration of Sean P. Malone, E-mail service is permitted by rule, comports with due process, and represents the best available means of perfecting service. Accordingly, NOCO respectfully requests that this Court grant it leave to serve Defendant via E-mail.

Respectfully submitted,

**KOHRMAN JACKSON & KRANTZ LLP**

*/s/ Jon J. Pinney*

JON J. PINNEY (0072761)
SEAN P. MALONE (0076353)
DAVID R. POSTERARO (0024661)
One Cleveland Center, 29th Floor
1375 East Ninth Street
Cleveland, Ohio 44114
Phone: 216-696-8700
Fax: 216-621-6536
Email: jjp@kjk.com; spm@kjk.com;
drp@kjk.com

*Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **THE NOCO COMPANY** ) | Case No. 1:19-cv-00196 |
| ) | |
| Plaintiff, ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| v. ) | |
| ) | |
| **YAN KHAUSTOV** ) | |
| **D/B/A KHAUSTOV-AMZ** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE DEFENDANT BY ALTERNATIVE MEANS

I. INTRODUCTION

Plaintiff The NOCO Company ("***Plaintiff***"), instituted this action against Defendant Yan Khuastov d/b/a khaustov-amz ("***Defendant***") for infringement of various intellectual property rights. Specifically, NOCO alleges that Defendant, using Amazon.com, through the Amazon storefront khaustov-amz, sold NOCO products without authorization, thereby: (i) engaging in unfair competition, (ii) tortiously interfering with contracts, (iii) infringing upon NOCO's trademarks, (iv) diluting NOCO's trademarks, and (v) violating Ohio's Deceptive Trade Practices Act.

In order to obtain an address at which service on Defendant could be achieved, NOCO has subpoenaed Amazon, utilized TransUnion's and Lexis Advance's commercial search tools, searched USPTO and Copyright Office databases, searched Facebook and other social media sites, searched OpenCorporates, searched Google, and otherwise attempted to locate Defendant. Having been unable to do so, NOCO, by and through

counsel, hereby respectfully requests that this honorable Court, pursuant to Fed. R. Civ. P. 4(f)(3), grant it leave to serve Defendant by alternative means. Specifically, this Court should permit service via E-mail.

II.     FACTUAL BACKGROUND

NOCO has been aware, since at least November 20, 2018, that Defendant was selling NOCO's products and utilizing NOCO's intellectual property, without authorization, on amazon.com. Malone Decl. ¶¶ 5-6. At the time NOCO discovered Defendant's infringement, the only identifying information available to NOCO was Defendant's Amazon storefront. *See* Malone Decl. ¶ 7. NOCO used that information to subpoena Amazon.com, Inc. ("**Amazon**") under the terms of the Digital Millennium Copyright Act ("**DMCA**"). Malone Decl. ¶¶ 8-9.

Through its DMCA subpoena to Amazon, NOCO was able to obtain contact information for the individual operating the offending account. Malone Decl. ¶ 10. Specifically, Amazon provided an address for Defendant in Sortavala, Russia (the **"Russian Address"**). *Id*.

On January 2, 2019, NOCO sent a letter informing Defendant that it was selling NOCO's products without authorization and that such sales violated NOCO's rights (the "**Letter**"). Malone Decl. ¶ 11. The Letter also requested that Defendant cease such conduct immediately. Malone Decl. ¶ 12.

Defendant did not respond to the letter, and, upon information and belief, did not cease selling NOCO's products. Malone Decl. ¶¶ 12-13. Accordingly, NOCO filed its Complaint on January 25, 2019. See Malone Decl. ¶ 14.

On January 28, 2019, NOCO attempted to serve Defendant at the Russian Address via registered mail. Malone Decl. ¶ 15. On June 10, 2019, the United States Postal Service indicated that delivery had failed because the package was unclaimed at the Russian Address. Malone Decl. ¶ 16.

Since filing its complaint, NOCO has been attempting to achieve service on Defendant. In addition to attempting service by registered mail, Plaintiff requested that Defendant waive service. On June 10, 2019, NOCO sent Defendant a waiver request, pursuant to Fed. R. Civ. P. 4(d). Malone Decl. ¶ 17. Defendant has not responded to that request. Malone Decl. ¶ 18.

Additionally, NOCO has made repeated attempts to identify Defendant's current physical address. To that end, NOCO has employed commercial databases offered by LexisNexis and TransUnion – to no avail. Malone Decl. ¶¶ 19-20. NOCO has also searched USPTO databases including TESS, AppFT and PatFT as well as the Copyright Office's Public Catalog. Malone Decl. ¶ 19. No records connected to Defendant were available. Malone Decl. ¶ 20. NOCO conducted Facebook, Twitter, Instagram, and LinkedIn searches for Defendant, but no profiles were identified which could be linked to Defendant. Malone Decl. ¶¶ 19-20. NOCO also searched opencorporates.com for a registration of Defendant's trade name anywhere in the world, or any business registered to Defendant. Malone Decl. ¶ 19. That search also turned up nothing. Malone Decl. ¶ 20. NOCO has also utilized more general search engines, including Google and Bing, to attempt to secure a valid address for Defendant. Malone Decl. ¶ 19. None of Plaintiff's efforts have identified Defendant's current address. Malone Decl. ¶ 20.

NOCO has attempted, as detailed above, to obtain a current address for Defendant since discovering that that Russian Address was not correct. Despite its best efforts, NOCO has been unable to do so. As such, service remains unperfected. In order to perfect service, NOCO requests that this Court grant it leave to serve Defendant through E-mail.

III. <u>LAW AND ARGUMENT</u>

The Federal Rules of Civil Procedure provide for international service by nontraditional means in cases where ordinary methods are unavailable or ineffective. Generally, with regard to international defendants, Fed. R. Civ. P. 4(f) provides that an individual "may be served at a place not within any judicial district of the United States: (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) . . . by a method that is reasonably calculated to give notice . . . ; or (3) by other means not prohibited by international agreement, as the court orders."

Plaintiff moves the Court for leave to serve Defendant under Rule 4(f)(3). Plaintiff seeks leave to serve Defendant under this specific provision because any attempt to serve Defendant through the channels contemplated by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("***Hague Convention***") would be futile. While the Russian Federation is a signatory to the Hague Convention, it refuses to serve letters of request from the United States for

service of process presented under its terms.[1] See *Phoenix Process Equip. Co. v. Capital Equip. & Trading Corp.*, 250 F. Supp. 3d 296 (W.D. Ky. 2017) ("Russia's Central Authority refuses to serve process sent to it by United States litigants.")

Numerous cases acknowledge this reality and accordingly spare plaintiffs the fruitless burden of attempting service in Russia under the terms of the Hague Convention. See, e.g. *Nuance Comm., Inc. v. Abbyy Software House*, 626 F.3d 1222 (Fed. Cir. 2010); *Arista Records LLC v. Media Services LLC*, 2008 U.S. Dist. LEXIS 16485 (S.D.N.Y. 2008).

Further, "there is no requirement that a party first exhaust the other methods contemplated in Rule 4(f) subsections (1) and (2) before petitioning the court for permission to use alternative means under Rule 4(f)(3)." *FTC v. Repair All PC, LLC*, 2017 U.S. Dist. LEXIS 83173 (N.D. Ohio 2017). Indeed, "[n]o such requirement is found in the Rule's text, implied by its structure, or even hinted at in the advisory committee notes." *Phoenix Process Equip. Co. v. Capital Equip. & Trading Corp.*, 250 F. Supp. 3d 296, 306 (W.D. Ky. 2017) quoting *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).

Therefore, an attempt to perfect service under the terms of the Hague convention is futile and not required by the Civil Rules. Accordingly, Plaintiff's request for leave to perfect service under the terms of Rule 4(f)(3) is appropriate. The controlling question, then, is whether E-mail service is prohibited by international agreement. When considering this question, courts "have repeatedly found that email service is not prohibited." *Protective Co. v. Ctr. For Advanced Spine Techs.*, No. 1:14-cv-005, 2014 U.S.

---

[1] State Dept. Judicial Assistance Country Information, Russian Federation, available at: https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/RussianFederation.html (last updated Nov. 15, 2013).

Dist. LEXIS 196753, at *12 (S.D. Ohio 2014) (finding that courts may order service by E-mail pursuant to Fed. R. Civ. P 4(3) "where appropriate"). Courts have the "discretion to tailor the proceedings and order an alternative method of service under Rule 4(f)(3), provided, of course, that such service comports with due process requirements." *Tillotson Corp. v. Supermax Corp. Bhd.*, 2008 U.S. Dist. LEXIS 129977, *9-10 (N.D. Georgia 2008).

E-mail service comports with due process requirements because it is reasonably calculated to notify the Defendant of this lawsuit. To be permissible, a method of service must be "reasonably calculated" to notify interested parties of the lawsuit and allow them an opportunity to respond or object. *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Here, NOCO seeks to serve Defendant through the email.ru account associated with Defendant's Amazon storefront, which was provided by Amazon in response to NOCO's DMCA subpoena (the "**RU E-mail**"). *See* Malone Decl. ¶ 10. The RU E-mail is the primary means by which Defendant conducts its online business. Malone Decl. ¶ 21. Accordingly, this type of service is reasonably calculated to apprise Defendant of this lawsuit. Further, E-mails sent to the RU E-mail have not "bounced" or been marked as undeliverable or rejected in any way. Malone Decl. ¶ 22. Because Defendant conducts its business entirely online, and uses the RU E-mail to do so, service upon Defendant through the RU E-mail is not only reasonably calculated to notify Defendant of the lawsuit, but it is the best available means for notifying Defendant. *See Chanel, Inc. v. Xu*, 2010 U.S. Dist. LEXIS 6734, at *10 (W.D. Tenn. 2010) (finding that E-mail service is the method most likely to reach e-commerce merchants). Therefore, such service not

only complies with procedural requirements under the Civil Rules, but also comports with constitutional and judicial notions of due process.

IV. CONCLUSION

For the reasons outlined above, NOCO requests that this Court, in accordance with Fed. R. Civ. P. 4(f)(3), grant it leave to serve Defendant by E-mail. As a courtesy, a proposed order granting the relief requested is attached hereto as Exhibit A.

Respectfully submitted,

**KOHRMAN JACKSON & KRANTZ LLP**

*/s/ Jon J. Pinney*
JON J. PINNEY (0072761)
SEAN P. MALONE (0076353)
DAVID R. POSTERARO (0024661)
One Cleveland Center, 29th Floor
1375 East Ninth Street
Cleveland, Ohio 44114
Phone: 216-696-8700
Fax: 216-621-6536
Email: jjp@kjk.com; spm@kjk.com; drp@kjk.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing was filed electronically this 9th day of July, 2019. Notice of this filing will be sent to all parties by operation of the court's electronic filing system and the Clerk of Courts. Parties may access this filing through the Court's system.

*/s/ Jon J. Pinney*
Jon J. Pinney (0072761)