UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE NOCO CO., | ) | Case No.: 1:19 CV 196 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| YAN KHAUSTOV | ) | |
| D/B/A KHAUSTOV-AMZ, | ) | |
| | ) | |
| Defendant | ) | ORDER |

Currently pending before the court is Plaintiff The NOCO Company's ("Plaintiff" or "NOCO") Motion for Leave to Serve Defendant, Yan Khaustov, d/b/a khaustov-amz ("Defendant"), by Alternative Means. (ECF No. 8.) More specifically, Plaintiff requests that the court grant leave to serve Defendant via E-mail. (Pl. Mot. at PageID #40, ECF No. 8.) For the following reasons, the court grants Plaintiff's Motion.

**I. BACKGROUND**

NOCO is a company that designs, manufactures, and sells battery chargers, portable power devices, and related battery products and accessories (collectively, the "Products"). (Compl. ¶ 2.) Plaintiff alleges that Defendant "is engaged in the unauthorized sale of products distributed by, and infringing upon the intellectual property of, Plaintiff." (*Id.* ¶ 1.)

Plaintiff sells the Products on its website to wholesalers and authorized resellers ("Resellers") who have entered into contracts ("Reseller Agreements") with Plaintiff. (*Id.* ¶¶ 7, 8.) Plaintiff

contends that it "uses Reseller Agreements in order to promote fair competition between Resellers and to protect its brand, its goodwill, and its valuable intellectual property, including its proprietary images, designs, and content ("***Copyrights***") and the registered trademarks, including the trademarks NOCO ® and NOCO GENIUS ® ("***Trademarks***")." (*Id.* ¶ 10.)

On about November 20, 2018, Plaintiff became aware that Defendant was "selling the Products and using Plaintiff's Copyrights and Trademarks without authorization and without Plaintiff's consent." (*Id.* ¶ 14.) Plaintiff alleges that Defendant was selling the Products online on www.amazon.com and using the Amazon Storefront khaustov-amz. (*Id.* ¶ 15.) On January 2, 2019, Plaintiff, through counsel, sent a letter informing Defendant that it was selling the Products without authorization, that such sales violated Plaintiff's rights in the Copyrights and Trademarks, and requested that Defendant cease the conduct immediately. (*Id.* ¶¶ 20-21.) Defendant did not comply with Plaintiff's request. (*Id.* ¶ 22.) Thereafter, on January 25, 2019, Plaintiff instituted this action by filing its Complaint. (ECF No. 1.)

Since the Complaint was filed, every effort that Plaintiff has taken to locate and serve Defendant has failed. (Def.'s Mot. at PageID #44, 45, ECF No. 8.) Plaintiff attempted to serve Defendant by registered mail and requested that Defendant waive service. (*Id.*) Delivery of service by registered mail failed because the package was unclaimed at Defendant's Russian Address, which Plaintiff obtained through a subpoena to Amazon. (*Id.* at PageID #43-44.) Plaintiff, thereafter, made several attempts to identify Defendant's current physical address using LexisNexis and TransUnion commercial databases, USPTO databases, the CopyRight Office's Public Catalog, Facebook, Twitter, Instagram, LinkedIn, OpenCorporates, and Google. (*Id.* at PageID #44.)

The results of Plaintiff's subpoena to Amazon have provided Plaintiff with an email.ru account which is the primary means by which Defendant conducts its online business on Amazon Storefront. (*Id.* at PageID #47.) Further, Plaintiff asserts that emails sent to the Defendant's email.ru account have neither been marked as undeliverable nor rejected in anyway. (*Id.*) On July 9, 2019, Plaintiff filed the present Motion seeking to serve Defendant through this email account pursuant to Federal Rule of Civil Procedure 4.

## II. LAW AND ANALYSIS

The court looks to Federal Rule of Civil Procedure 4(f) in deciding Plaintiff's request to serve Defendant via email. In relevant part, the Rule states:

> Unless federal law provides otherwise, an individual . . . may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . .; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

The United States and Russia are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, and "compliance with the [Hague] Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988). Although the Hague Convention "requires signatory countries to establish a Central Authority to receive requests for service of documents from other countries and to serve those documents," Defendant's physical address is unknown. *Zhang v. Baidu.com, Inc.*, 932 F. Supp. 2d

561, 565 (S.D.N.Y. 2013) (citations omitted). Thus, the court recognizes that it is impractical to require Plaintiff to serve Defendant through such means.

Moreover, although Russia is a signatory to the Hague Convention, Russia "has adopted the policy of not cooperating with the United States on civil and commercial judicial matters." *Phx. Process Equip. Co. v. Capital Equip. & Trading Corp.*, 250 F. Supp. 3d 296, 308 (W.D. Ky. 2017); *see also Sec. & Exch. Comm'n v. Dubovoy*, No. CV156076MCAMAH, 2016 WL 7217607, at *2 (D.N.J. Dec. 13, 2016) ("Russia, despite being a signatory to the Hague Convention, unilaterally suspended all judicial cooperation with the United States in civil and commercial matters in July 2003."); *AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14-CV-9913, 2015 WL 3457452, at *4 (S.D.N.Y. June 1, 2015) (citing *Arista Records LLC v. Media Servs. LLC*, No. 06–CV–15319, 2008 WL 563470, at *2 (S.D.N.Y. Feb. 25, 2008) (The court acknowledged that "Russia unilaterally suspended all judicial cooperation with the United States in civil and commercial matters" and held that "[b]ecause there is no reason to believe that service would be effective if [a plaintiff] were required to serve [a defendant based in Russia] in accordance with the Hague Convention procedures, substituted service pursuant to Rule 4(f)(3) is appropriate."); *Henry F. Teichmann, Inc. v. Caspian Flat Glass OJSC*, 2013 WL 1644808 at *1 (W.D. Pa. April 16, 2013) (The court granted the plaintiff's motion to serve the defendant by e-mail because "there [wa]s no reason to believe that service would be effective if Plaintiff was required to serve Defendant in accordance with the Hague Convention or that service by e-mail would violate an international agreement.") In light of this, federal courts have found that it is "fair to conclude that there are no internationally agreed means of service for those cases in which the defendant being served resides in Russia, and that any attempts to serve process through Hague Convention procedures would most likely be unsuccessful."

*Sec. & Exch. Comm'n*, 2016 WL 7217607 at *2. Thus, the court finds that alternative means of service is permissible because reliable authority from other courts indicates that it would be futile to require Plaintiff to comply with the Hague Convention's approved means of service in Russia.

Having determined that alternative means of service is permissible, the court looks to Article 10 of the Hague Convention.[1] Article 10 of the Hague Convention permits service through postal channels, though it is silent on email service. *See Prof'l Investigating & Consulting Agency, Inc. v. Suzuki*, No. 2:11-cv-01025, 2014 WL 48260, at *2 (S.D. Ohio Jan. 7, 2014). Further, while Russia has objected to Article 10, *Fisher v. Petr Konchalovsky Found.*, No. 15-CV-9831(AJN), 2016 WL 1047394, at *1 (S.D.N.Y. Mar. 10, 2016), federal courts have found that "[w]here a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail or publication." *Adidas AG v. Adidas.style*, No. 17-62535-CIV, 2018 WL 1801197, at *1 (S.D. Fla. Feb. 7, 2018).

Since the Hague Convention does not cover email service, we turn to Rule 4(f)(3). *See also Studio A. Entm't, Inc. v. Active Distribs., Inc.*, No. 1:06cv2496, 2008 WL 162785, at *3 (N.D. Ohio Jan. 15, 2008) ("[T]here is no requirement that a party first exhaust the methods contemplated in Rule 4(f) subsections (1) and (2) before petitioning the court for permission to use alternative means under Rule 4(f)(3)."). Other courts have approved email service where it is not prohibited by international agreement, and it is "reasonably calculated . . . to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at *4 (quoting *Mullane v. Cent. Hancock Bank Tr. Co.*, 339 U.S. 314, 314 (1950)); *see also Lexmark Int'l, Inc. v.*

---

[1] Article 10 of the Hague Convention provides the approved methods by which signatories to the Hague have consented to alternative means of service.

*Ink Tech. Printer Supplies, LLC*, 291 F.R.D. 172, 175 (S.D. Ohio 2013) (permitting email service on defendants in China and Germany); *Med. Protective Co. v. Ctr. of Advanced Spine Techs., Inc.*, 1:14-cv-005, 2014 WL 12653861, at *2 (S.D. Ohio Jan. 13, 2014) (finding email service to be appropriate on a defendant located in Pakistan). Further, the court is not aware of any international agreement or Russian law that would prohibit service by email in the present case. *See Adidas AG*, 2018 WL 1801197, at *1 n. 3 ("China, Russia, and the United Kingdom have not expressly objected to service via email or publication."). Here, Plaintiff has clearly tried diligently to effect service on Defendant, and the court agrees that email service to Defendant's email.ru address is likely to be the most effective way to apprise Defendant of the lawsuit. Since it appears that no international treaty exists between the United States and Russia prohibiting service of process by email, the court grants Plaintiff's request to serve Defendant by email.

## III. CONCLUSION

For the foregoing reasons, the court grants Plaintiff's Motion for Leave to Serve Defendant by Alternative Means. (ECF No. 8.) Plaintiff may serve Defendant Khaustov d/b/a khaustov-amz via E-mail.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

September 5, 2019